

-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN LEE CORTRIGHT, JR.,

Plaintiff,

-v-                                                         13-CV-0865A(Sc)
                                                            ORDER
STEVEN BELLOMA, Correctional Officer, et al.,

Defendants.

---

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A)-(C). (Docket No. 11, Text Order.)

On February 27, 2014, the Court (Hon. Michael A. Telesca), *inter alia*, granted plaintiff permission to proceed *in forma pauperis*, dismissed certain claims set forth in the complaint, see 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and directed the Clerk of the Court to cause the United States Marshals Service to serve the summons and complaint upon defendants Steven Belloma, R. Snyder and James Doe Commissioner Hearing Officer (once identified). (Docket No. 6, Order.) On May 16, 2014, the Court (Hon. John T. Curtin), upon identification of "James Doe Hearing Officer" as James Esgrow, directed the Clerk of the Court to amend the caption and to cause the Marshals Service to serve the summons and complaint upon Esgrow. (Docket No. 7, Order.) A summons was issued for Esgrow.

On October 14, 2014, the New York State Attorney General's Office filed an Answer on behalf of "Defendants" (Docket No. 8, "Defendants' Answer"), but on October 16, 2014, the Attorney General's Office filed an "Amended Answer" on behalf of Esgrow only (Docket No. 16, "Defendant's Amended Answer").

On March 20, 2015, upon the realization that summonses had not been issued by the Clerk of the Court for Belloma and Syder inadvertently, the undersigned, pursuant to Fed.R.Civ.P. 4(m), found "good cause" to extend the time to serve the summons and complaint upon Belloma and Snyder and again directed the Clerk of the Court to cause the Marshals Service to serve the summons and complaint upon Belloma and Snyder. (Docket No. 16, Order.) As stated in that Order, "once a plaintiff is granted permission to proceed *in forma pauperis*, the responsibility for effecting service of the summons and complaint shifts from the plaintiff to the court. (Id., at 2 (citing 28 U.S.C. § 1915(d); Wright v. Lewis, 76 F.3d 57, 59 (2d Cir. 1996); Rivera v. Pataki, 2005 WL 407710, at *15 (S.D.N.Y. Feb. 7, 2015) ("Once plaintiff provided the Marshal's Service with the information required to serve his complaint, he was absolved of further responsibility for service.")). Summonses were issued for both defendants and on May 1, 2015, an Acknowledgment of Service by Mail was filed on behalf of Belloma. (Docket No. 17.)

On June 23, 2015, Belloma and Esgrow filed a Motion to Dismiss and for Summary Judgment (Docket No. 18), and plaintiff has requested and been granted a number of extensions of time to respond to the Motion; the latest extension being granted on October 16, 2015. (Docket No. 29, Motion for Extension of Time; Docket No. 30, Text Order.) The Text Order granting plaintiff's latest request for an extension of time also addressed a few issues raised by plaintiff in his latest request for an extension of time. One such issue was that defendants' Motion to Dismiss and for Summary Judgment sought dismissal of the complaint against Snyder on the basis that he had not been served with the summons and complaint. The Court noted that the Motion did "not seem to acknowledge that the Court ordered the U.S. Marshals Service to serve [Snyder] and that a summons was issued to that

effect." (Text Order (citations omitted)). Defendants' counsel filed a response to plaintiff's latest Motion for an Extension of Time noting, in part, that the Inmate Records Coordinator at the Elmira Correctional Facility ("Elmira C.F.") had advised her that the Marshals Service's Office had not sent an Acknowledgment of Service by Mail to Snyder. Defendants' counsel's response, however, does not indicate whether a summons and complaint were mailed to Snyder Elmira C.F. but indicates only that an Acknowledgment of Service by Mail was not forwarded to Snyder. (Docket No. 31, Defendants' Response.) The Court will presume, however, that Snyder did not receive a summons and complaint, and Acknowledgment of Service by Mail.

The Court followed up with the Marshals Service's Office and was advised that on or about March 26, 2015, it mailed to R. Snyder at Elmira C.F. a service packet, which includes, pursuant to the Marshals Service's Office general practice, copies of the summons and complaint and order directing service, and a Statement of Service by Mail and Acknowledgment of Receipt of Service by Mail pursuant to N.Y.C.P.L.R., § 312-a.[1] An Acknowledgment of Service has not been returned to the Marshals Service.

Because it appears--and the Court presumes--that Snyder did not receive a copy of the summons and complaint and an Acknowledgment of Service by Mail and because it is the obligation of the Court to cause the summons and complaint to be served upon a defendant once plaintiff has been granted permission to proceed *in forma pauperis*, the Court finds good cause to extend the time to serve the summons and complaint upon

---

[1] N.Y.C.P.L.R. § 312-a(b), which is the method of service used by the Marshal Service in this District, provides that service is not "complete" until the defendant returns the signed Acknowledgment of Receipt of Service to the Marshals Service.

Snyder an additional 90 days, *see* Fed.R.Civ.P. 4(m); *see also* Murray v. Pataki, 2010 WL 2025613, at *2 (2d Cir. May 24, 2008) (Summary Order) ("As long as the *pro se* prisoner provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)) (citations omitted)).

IT IS HEREBY ORDERED that the time to serve the summons and complaint upon defendant Snyder is extended 90 days from the date of entry of this Order, and the Clerk of the Court is directed to cause the United States Marshals Service to serve the summons and complaint and this Order upon Snyder, without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that the Clerk of the Court also is directed to complete and issue the necessary summons and United States Marshal's Receipt and Return of Process Form (USM-285) for Snyder and forward both to the Marshals Service for service upon Snyder forthwith;

FURTHER, that pursuant to 42 U.S.C. § 1997(e)(g)(2), Snyder is directed to respond to the complaint.

SO ORDERED.

_____
HUGH B. SCOTT
United States Magistrate Judge

Dated:   Buffalo, New York
         10/21/15, 2015